O

JS-6

# United States District Court
# Central District of California

ANTWONE STOKES,

        Plaintiff,

   v.

LOS ANGELES COUNTY SHERIFFS DEPARTMENT, et al.,

        Defendants.

Case № 2:22-cv-04953-ODW (AGR)

**ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE AND DENYING *IN FORMA PAUPERIS* REQUEST**

## I. BACKGROUND

On July 15, 2022, Antwone Stokes ("Plaintiff") filed a *pro se* civil rights Complaint and an accompanying request to proceed *in forma pauperis* ("IFP Request"). (ECF Nos. 1, 2.)

On July 27, 2022, the undersigned issued an Order postponing ruling on the IFP Request because Plaintiff had not signed it, and also dismissing the Complaint with leave to amend because Plaintiff had failed to state a claim on which relief could be granted. (ECF No. 4.) The undersigned allowed Plaintiff 30 days to (1) refile his IFP Request with a valid signature, and (2) file an amended complaint. (*Id.*)

On October 11, 2022, Plaintiff requested an extension of time to comply with the Court's Order. (ECF No. 5.)

On October 31, 2022, the assigned Magistrate Judge filed an order granting the extension request and detailing further instructions on filing a request to substitute counsel, a prisoner authorization, and a First Amended Complaint ("FAC"). (ECF No. 6.) The Magistrate Judge instructed Plaintiff to file the request to substitute counsel—provided Plaintiff had retained counsel—by December 9, 2022, and file a signed prisoner authorization form and FAC by December 14, 2022. (*Id.*)

On December 30, 2022, Plaintiff filed a letter with the Court, dated December 11, 2022, stating that he has retained a lawyer and requesting additional time to communicate with counsel and seek advice on Plaintiff's various pending cases. (ECF No. 7.) Accordingly, on January 9, 2023, the Court is granted Plaintiff an additional fifteen (15) days to file a request for approval of substitution of counsel, and a proposed order, as detailed in the Magistrate Judge's October 31, 2022 order. (ECF No. 8.) Further, Plaintiff was granted an additional twenty (20) days to timely file a signed prisoner authorization form and FAC as also detailed in the Magistrate Judge's October 31, 2022 order. (*Id.*) Finally, the Court advised:

> As Plaintiff's case has now been pending over five months, Plaintiff is given a final warning that if he does not comply, this action is subject to dismissal, and his IFP request subject to denial, for the reasons stated in the July 27, 2022 and October 31, 2022 orders.

(*Id.*)

As of the date of this Order, Plaintiff has not complied with any of the Court's instructions.

## II. LEGAL STANDARD

The authority to dismiss a *pro se* plaintiff's action for failure to prosecute and follow court orders is well settled. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962); *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002). In determining whether to dismiss an action on that basis, the Court considers: "(1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage

its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *See Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (per curiam).

### III. DISCUSSION

Here, the undersigned's July 27, 2022 order specifically warned Plaintiff that if he "does not comply with [the] instructions [regarding the IFP Request] within 30 days, this case will be DISMISSED without prejudice." (ECF No. 4 at 2.)  Further, the order "advised that if [Plaintiff] fails to file a timely and corrected [FAC] within 30 days . . . this action will be dismissed." (*Id.* at 9.)  The assigned Magistrate Judge's October 31, 2022 order warned that "[i]f Plaintiff does not timely file a signed prisoner authorization form, his request to proceed without prepayment of filing fees may be denied" and that "[i]f Plaintiff does not file a timely [FAC], this action is subject to dismissal for the reasons stated in the July 27, 2022 Order." (ECF No. 6 at 2.)  Finally, the Court reiterated similar warnings in its last order, and the time to comply with that order expired. (ECF No. 8.)  Plaintiff has failed to heed these warnings and comply with any of the Court's orders.  Under these circumstances, and in consideration of the factors above, the Court concludes that dismissal of the action without prejudice is warranted. *See* Fed. R. Civ. P. 41(b); *Carey*, 856 F.2d at 1440; *In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) ("The[] factors are not a series of conditions precedent before the judge can do anything, but a 'way for a district judge to think about what to do." (citation and internal quotation marks omitted)).  For the same reason, the Court concludes Plaintiff's IFP Request should be denied.

## IV.   CONCLUSION

For the reasons discussed above, the Complaint is **DISMISSED WITHOUT PREJUDICE** and the IFP Request is **DENIED**.

**IT IS SO ORDERED.**

February 14, 2023

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**